IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HEATHER ROSE VALPERGA,                )
                                      )
            Plaintiff,                )
                                      )
      -vs-                            )        Civil Action No.   12-1022
                                      )
CAROLYN W. COLVIN,[1]                 )
COMMISSIONER OF SOCIAL SECURITY,      )
                                      )
            Defendant.                )

AMBROSE, Senior District Judge.

## OPINION
## and
## ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. (Docket Nos. 8 and

10).  Both parties have filed Briefs in Support of their Motions. (Docket Nos. 9 and 11).  After

careful consideration of the submissions of the parties, and based on my Opinion set forth below,

I am granting Defendant's Motion for Summary Judgment (Docket No. 10) and denying Plaintiff's

Motion for Summary Judgment. (Docket No. 8).

## I.  BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of

Social Security ("Commissioner") denying her application for disability insurance benefits and

social security income pursuant to the Social Security Act ("Act").   Plaintiff filed an application for

benefits on March 24, 2009, alleging she had been disabled due to bipolar disorder, impulse

control disorder and a history of attention deficit hyperactivity disorder since September 30, 2006.

(Docket No. 7-5, pp. 1-10).   Administrative Law Judge ("ALJ") Douglas Cohen, held a hearing

---

1 Carolyn W. Colvin became acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue.

on October 14, 2010.   (Docket No. 7-2, pp. 30-56).   On November 2, 2010, the ALJ found that

Plaintiff was not disabled under the Social Security Act.   (Docket No. 7-2, pp 18-26).   After

exhausting all of his administrative remedies thereafter, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 8 and 10).

The issues are now ripe for review.

## II.   LEGAL ANALYSIS

### A.   STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in

the record to support the Commissioner's decision.   *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir.

1989).   Substantial evidence has been defined as "more than a mere scintilla.   It means such

relevant evidence as a reasonable mind might accept as adequate."   *Ventura v. Shalala,* 55 F.3d

900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally,

the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.   42

U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).   A district court

cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of

record.   *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).   Where the ALJ's findings of fact

are supported by substantial evidence, a court is bound by those findings, even if the court would

have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

To determine whether a finding is supported by substantial evidence, however, the district court

must review the record as a whole.   *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot

engage in substantial gainful activity because of a medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to

last for a continuous period of at least 12 months.   42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,*

786 F.2d 581, 583 (3d Cir. 1986).

2

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant.  20 C.F.R. §404.1520(a).  The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity.  20 C.F.R. §404.1520.  The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4).  *Dobrowolsky*, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

## B.   WHETHER THE ALJ FAILED TO PROPERLY ADDRESS THE MEDICAL EVIDENCE OF RECORD

Plaintiff argues that the ALJ erred in failing to properly assess the medical evidence of record.  (ECF No. 9, pp. 4-11).  Specifically, Plaintiff submits there is "insufficient relevant and material contrary evidence to refute" claimant's medical evidence submitted by her treating psychiatrist, Dr. Patel.  *Id.* at p. 5.  Reading the record as a whole, however, I disagree.

The amount of weight accorded to a treating physician's opinions is well established.

"A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.' " Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where ... the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. Id. Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

Becker v. Commissioner of Social Sec. Admin., No. 10-2517, 2010 WL 5078238, *5 (3d Cir. Dec. 14, 2010).

Here, the ALJ rejected Dr. Patel's opinion because it was not supported by the mental status examinations from Primary Health Network.   (ECF No. No. 7-2).   The ALJ also found Dr. Patel's opinion to be internally inconsistent with the GAF score of 70 given by him just 4 months prior to his opinion and inconsistent with his treating records that indicated Plaintiff was responding well to medication.   Id.   In addition, the ALJ found that his opinion contradicted Plaintiff's own testimony about her social functioning.   Id.   Finally, the ALJ found Dr. Patel's opinion was not supported by the state agency psychologist.   Id.   After a review of the entire record, I find the ALJ's analysis of the evidence was sufficient to support his judgment. See, 20 C.F.R. §404.1527.   Therefore, I find no error by the ALJ in rejecting Dr. Patel's opinion.

**B.   <u>WHETHER THE ALJ ERRED IN FINDING PLAINTIFF NOT FULLY CREDIBLE</u>**

Plaintiff next argues that the ALJ erred in failing to "adequately explain why the [Plaintiff's] testimony was found to be not fully credible."   (ECF No. 9, pp. 11-15).   To be clear, an ALJ is charged with the responsibility of determining credibility. Smith v. Califano, 637 F.2d 968, 972 (3d Cir. 1981); Baerga v. Richardson, 500 F.2d 309, 312 (3d Cir. 1974), cert. denied, 420 U.S. 931 (1975).   The ALJ must consider "the entire case record" in determining the credibility of an individual's statement.   SSR 96-7p.   The ALJ's decision "must contain specific reasons for

the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." *Id*. I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

In this case, the ALJ found Plaintiff's statements not to be credible to the extent they were inconsistent with the record.  (ECF No. 9, p. 23).   After a thorough review of the record as a whole, and based on the above, I find that the ALJ did as required under SSR 96-7p.   He properly evaluated Plaintiff's statements based on the entire record as a whole and his decision was supported by substantial evidence. Thus, I find the ALJ did not err in this regard.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HEATHER ROSE VALPERGA,                    )
                                          )
              Plaintiff,                  )
                                          )
      -vs-                                )          Civil Action No.   12-1022
                                          )
CAROLYN W. COLVIN,[2]                     )
COMMISSIONER OF SOCIAL SECURITY,          )
                                          )
              Defendant.                  )

AMBROSE, Senior District Judge.

## ORDER OF COURT

      THEREFORE, this 2nd day of July, 2013, it is ordered that the decision of the ALJ is

affirmed and Plaintiff's Motion for Summary Judgment (Docket No. 8) is denied and Defendant's

Motion for Summary Judgment (Docket No. 10) is granted.

                              BY THE COURT:

                              s/   Donetta W. Ambrose
                              Donetta W. Ambrose
                              United States Senior District Judge

_____

2  Carolyn W. Colvin became acting Commissioner of Social Security on February 14, 2013, replacing Michael J.
Astrue.